J-S49009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAPHAEL PERALTA, | |
| Appellant | No. 2219 EDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013157-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 03, 2019**

Raphael Peralta appeals from the post-conviction court's July 13, 2018 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On July 2, 2015, Appellant was convicted of arson, 18 Pa.C.S. § 3301, aggravated assault, 18 Pa.C.S. § 2702, conspiracy, 18 Pa.C.S. § 903, and various other offenses based on evidence that he and an unidentified cohort threw "a bottle with a burning wick and filled with an accelerant" into a home in which two people were present, causing extensive damage to the residence. PCRA Court Opinion (PCO), 12/6/18, at 3.  On September 4, 2015, Appellant was sentenced to an aggregate term of 6 to 12 years' incarceration.  He filed

_____

[*] Former Justice specially assigned to the Superior Court.

a timely appeal, and this Court affirmed his judgment of sentence in part, and reversed it in part. ***See Commonwealth v. Peralta***, 158 A.3d 183 (Pa. Super. 2016) (unpublished memorandum).[1] Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 21, 2017, Appellant filed a timely, *pro se* PCRA petition, which underlies the present appeal. Counsel was appointed and an amended petition was filed on Appellant's behalf. On June 8, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and on July 13, 2018, the court issued an order dismissing his petition. Appellant filed a timely notice of appeal, and he also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states two issues for our review:

> I. Whether the court erred in denying [] Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]
>
> II. Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective[?]

Appellant's Brief at 8.

---

[1] Specifically, we reversed Appellant's sentence for conspiracy to commit aggravated assault, concluding that the trial court had erred by imposing that sentence in addition to a sentence for Appellant's conviction of conspiracy to commit arson. We did not remand for resentencing, however, as our decision did not upset the court's overall sentencing scheme. In all other respects, we affirmed Appellant's judgment of sentence.

Preliminarily, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant argues that his trial counsel acted ineffectively "for failing to file or argue post[-]trial motions that the verdict was against the weight of the evidence[,] precluding Appellant from raising this issue before the Superior

Court[.]" Appellant's Brief at 21. He further avers that the PCRA court erred by not conducting an evidentiary hearing on this ineffectiveness claim.

In assessing Appellant's arguments, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the thorough and well-crafted opinion of the Honorable Daniel D. McCaffery of the Court of Common Pleas of Philadelphia County. We conclude that Judge McCaffery's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellant. *See* PCO at 3-9. Accordingly, we adopt his decision as our own and affirm the order dismissing Appellant's PCRA petition for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19

- 4 -

**IN THE COURT OF COMMON PLEAS PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CRIMINAL SECTION**

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : **PHILADELPHIA COURT** |
| | : **OF COMMON PLEAS** |
| | : **CRIMINAL TRIAL DIVISION** |
| | : |
| v. | : **CP-51-CR-0013157-2014** |
| | : |
| | : |
| **RAPHAEL PERALTA** | |

CP-51-CR-0013157-2014 Comm. v. Peralta, Rafael L.
Opinion



8198405341

**OPINION**

**FILED**

**DEC 05 2018**

Appeals/Post Trial
Office of Judicial Records

## MCCAFFERY, J

Raphael Peralta (hereinafter "Appellant") appeals from an order denying him relief pursuant to the Post-Conviction Relief Act (hereinafter PCRA). 42 Pa.C.S. § 9541 *et seq.* For the reasons set forth below, it is suggested that the order be affirmed.

## PROCEDURAL HISTORY

On July 2, 2015, following a bifurcated waiver trial, Appellant was found guilty of Arson, pursuant to 18 Pa.C.S. § 3301, Failure to Prevent a Catastrophe, pursuant to 18 Pa.C.S. § 3303, Risking a Catastrophe, pursuant to 18 Pa.C.S. § 3302 Criminal Mischief, Possessing Instruments of Crime, Generally, Criminal Conspiracy to Commit Arson, pursuant to 18 Pa.C.S. § 903, Criminal Conspiracy to Commit Aggravated Assault, pursuant to 18 Pa.C.S. § 903 and two counts each of Aggravated Assault, pursuant to 18 Pa.C.S. § 2702, Simple Assault, pursuant to 18 Pa.C.S. § 2701and Recklessly Endangering Another Person, pursuant to pursuant to 18 Pa.C.S. § 2705 . On September 4, 2015, this Court imposed a sentence of six to twelve years' incarceration on the charges of Arson, Aggravated Assault (two counts) and Conspiracy to

1

Commit Arson. In addition, the Court imposed a sentence of five to ten years' incarceration on the charge of Conspiracy to Commit Aggravated Assault and three to seven years' incarceration on the charge of Risking a Catastrophe. All sentences were ordered to run concurrently. Verdicts without further penalty were imposed on the remaining charges.

Following the imposition of sentence, Appellant filed a motion for reconsideration of sentence, which this Court denied. Appellant thereafter filed a notice of appeal to the Superior Court which, on September 20, 2016, affirmed in part and reversed in part the judgment of sentence. Commonwealth v. Peralta, 158 A.3d 183 (Pa. Super.2016).[1] Appellant did not file a petition for allowance of appeal after the Superior Court issued its ruling.

On February 21, 2017, Appellant filed a *pro se* PCRA petition. Counsel was appointed to represent him and, on October 29, 2017, counsel filed an amended petition. After this Court carefully reviewed the entire record, it sent Appellant a Pa.R.Crim.P. 907 Notice of Intent to Dismiss on June 8, 2018, concluding that the issue raised in the amended petition lacked merit. Appellant did not respond to the notice. On July 13, 2018, after again reviewing the entire record, this Court issued an order dismissing Appellant's PCRA petition without a hearing. On July 31, 2018, Appellant's counsel filed a notice of appeal from the July 13, 2018 order. Counsel thereafter filed a court-ordered 1925(b) Statement of Matters complained of on Appeal. In that statement, Appellant complains that this Court committed an abuse of discretion by denying his PCRA claim asserting that trial counsel was ineffective for failing to preserve, in a post-sentence motion, a claim alleging that the verdicts were against the weight of the evidence. He also argues that this Court erred by not granting him an evidentiary hearing on his PCRA petition.

---

[1] The Superior Court held that sentences could not be imposed on the two conspiracy convictions because they arose out of the same incident. Nevertheless the Court indicated that remand was unnecessary because the ruling did not upset this Court's sentencing scheme.

2

## FACTUAL HISTORY

On October 20, 2014, Edward Holland, Jr. and Alvia Jones were inside a property located at 256 East Ontario Street. At about 2:20 a.m., Holland and Jones were startled when a bottle with a burning wick and filled with an accelerant crashed through the bedroom window smashing against a wall. (N.T. 5/21/15, 12-15, 17, 31-33). Jones was awake watching television when the incident occurred. She immediately awoke Holland, who attempted to extinguish the fire that had burned the rug and scorched the bedroom wall. (N.T. 5/21/15, 16, 18, 19, 35-36). Philadelphia Fire Department personnel arrived and broke down the front door, extinguished the fire, and investigated the cause of the fire. (N.T. 5/21/15, 16). Neither Holland nor Jones knew Appellant. (N.T. 5/21/15, 26, 36). Jones described the bottle as an "Everfresh" bottle. (N.T. 5/21/15, 32).

Oliver Jones, Holland's brother, testified that the property suffered extensive damage. In addition to the broken window and scorched walls in the bedroom, the outside of the house suffered smoke and fire damage. The front door was also broken, and an Oriental rug in the back room was destroyed. (N.T. 7/2/15, 9). He estimated $17,500.00 in damages $10,000.00 of which was covered by insurance. (N.T. 7/2/15, 10).

At the time of the incident, Philadelphia Police Officer William Branish was on duty travelling on "B' Street in an unmarked police car. While stopped at a traffic light, he saw two males dressed in dark clothing throwing firebombs at a residence. (N.T. 7/2/15, 15-16). Officer Branish immediately initiated pursuit with a marked police vehicle driving behind him. (N.T. 7/2/15, 16). Once police pursuit was initiated, the two males fled down "B" Street while Officer Branish exited his vehicle and began pursuit. (N.T. 7/2/15, 16).

During the pursuit, one of the males, who Officer Branish identified as Appellant,

3

stopped after the officer ordered him to do so. Id. However, when the officer driving the marked police car approached, Appellant again fled. (N.T. 7/2/15, 17). Officer Branish got back into his car and continued chasing Appellant. (N.T. 7/2/15, 17). During the pursuit, Officer Branish saw a gray Audi automobile pass him travelling at a high rate of speed. (N.T. 7/2/15, 17). Officer Branish followed the Audi, saw it stop and observed Appellant enter it after which the vehicle sped away. (N.T. 7/2/15, 17-18). Police continued following the Audi, which stopped after travelling about six blocks N.T. 7/2/15, 18).

Officer Branish approached the Audi and saw Appellant sitting in its passenger seat with a woman driver. (N.T. 7/2/15, 17-19). Appellant was sweating profusely and his heart was racing. (N.T. 7/2/15, 19). Officer Branish, with the assistance of another officer, placed Appellant in custody. (N.T. 7/2/15, 19).

Philadelphia Police Officer Adam Viola was driving his marked police car when he observed Officer Branish begin pursuit of the fleeing suspects. Officer Viola testified that he also saw two males throwing fire bombs at a residence and watched them flee after glancing in the direction of his vehicle. (N.T. 7/2/15, 46). Officer Viola identified Appellant as one of the males. (N.T. 7/2/15, 47-48). After Officer Branish stopped the Audi, Officer Viola proceeded to the location and identified Appellant as one of the males throwing the firebombs at the residence. (N.T. 7/2/15, 49-50).

Lieutenant Burton of the Philadelphia Fire Investigation Unit inspected the residence and observed a broken window and damage that had been caused by a fire. (N.T. 7/2/15, 66). He also called for a fire accelerant detection dog to be brought to the scene after smelling something he could not identify. (N.T. 7/2/15, 66-67).

The dog, together with its handler, Lieutenant George Werez, an Assistant Philadelphia

4

Fire Marshall, arrived shortly thereafter. (N.T. 7/2/15, 71). The dog was escorted through the property and reacted in the back bedroom on the remains of a "Molotov Cocktail" in the bathroom. (N.T. 7/2/15, 71, 74 75). Lieutenant Werez then collected samples of the burnt rug, sheet, and floor for testing. (N.T. 7/2/15, 75).

The following day, Lieutenant Werez returned to the residence and searched its exterior. That search resulted in the collection of a broken bottle used as a Molotov Cocktail and a Bic lighter. (N.T. 7/2/15, 76, 78). He also took the dog to the Audi where it alerted on the front passenger floor mat, which was collected for testing. (N.T. 7/2/15, 77).[2] Based on Lieutenant Werez's training and experience, it was his opinion that the fire at the residence was intentionally caused. (N.T. 7/2/15, 78). [3]

The items seized from the residence and the Audi all tested positive for gasoline. (N.T. 7/2/15, 83). In addition, a bottle cap seized from the Audi was from an "Everfresh" bottle. (N.T. 7/2/15, 82-83).

## DISCUSSION

In his 1925(b) statement, Appellant asserts that this Court committed an abuse of discretion by denying relief on a claim alleging that trial counsel was ineffective for failing to raise and preserve a weight of the evidence claim and for not granting him an evidentiary hearing on this claim. It is suggested that Appellant is not entitled to relief on either claim and that the order entered in this matter be affirmed.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905

[2] Police obtained a search warrant for the Audi before it was examined. (N.T. 7/2/15, 77).
[3] Lieutenant Werez had been certified as an expert in the area of use of an accelerant and dog detection of the use of an accelerant. (N.T. 7/2/15, 70).

A.2d 707, 509 (Pa. Super. Ct. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no

6

reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014) (citing Commonwealth v. Sepulveda, 55 A.3d 1108, 1117-1118 (Pa. 2012); Commonwealth v. Albrecht, 720 A.2d 693, 701 (1998)).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Application of the foregoing to the instant matter amply supports this Court's decision to deny Appellant PCRA relief. The assertion that trial counsel should have raised and preserved a weight of the evidence claim is completely lacking in merit. The standard in reviewing a weight

7

of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's convict ion that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be give n another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to believe all, some, or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004).

A review of the record shows that had counsel raised a weight of the evidence claim, this Court surely would have denied it. Two eyewitnesses, Officers Branish and Viola, saw

8

Appellant throwing firebombs into the victims' residence. Upon being stopped, Appellant fled, thereby manifesting consciousness of guilt. Finally, when police stopped Appellant's vehicle, testing of the floor mat revealed the presence of gasoline, the same accelerant detected at the scene. All of this evidence supported the verdict and thus, this Court did not abuse its discretion by denying Appellant's ineffectiveness claim because Appellant cannot and did not establish that the verdict shocks the conscience.

This Court also did not commit an abuse of discretion by denying him an evidentiary hearing on his ineffectiveness claim. An evidentiary hearing is not required when there is a lack of factual issues to be resolved. Commonwealth v. Granberry, 644 A.2d 204, 208 (Pa. Super. 1994). See also Commonwealth v. Mason, 628 A.2d 1141, 1150 (Pa. Super. 1993) ("[w]here it is clear that the allegations against defense counsel are baseless or without merit an evidentiary hearing is unnecessary") (quoting Commonwealth v. Phillips, 601 A.2d 816, 824 (Pa. Super. 1992)). As discussed and demonstrated above, this Court properly dismissed Appellant's ineffectiveness claim, the resolution of which was clear from the current record. Thus, there were no factual issues outstanding and, moreover, Appellant failed to identify any said issues. Accordingly, no error occurred by denying Appellant an evidentiary hearing and if raised on appeal, it is suggested that relief be denied with respect to this claim.

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the order entered in this matter denying Appellant PCRA relief be affirmed.

BY THE COURT,

Date: December 6, 2018

Daniel D. McCaffery, J.

9

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Daniel D. McCaffery hereby

certifies that on the 6th day of December, 2018, by first class mail, postage prepaid, a true and

correct copy of the attached opinion was served upon the following:

Peter Levin, Esquire
1927 Hamilton Street
Philadelphia, Pa. 19130


Lawrence J. Goode, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA  19107

James Molinari, Esquire